LEMMON, Judge.
Defendants have appealed from a judgment awarding plaintiff workmen’s compensation benefits. The only issue raised by defendants on appeal is whether plaintiff was in the course of her employment at the time of the accident. The crucial determination is whether she was on her employer’s premises when the accident occurred.
Plaintiff was employed as a saleslady at a McKenzie’s bakery shop. On the morning of the accident she took a cab to go to work. When they arrived at the destination, the cab stopped at the edge of the street. The area between the street and the building (estimated variously to be a distance of five to twelve feet) was covered by one continuous slab of concrete. Plaintiff opened the cab door, stepped with one foot onto the concrete slab, closed the door, placed the other foot on the concrete, and then fell as she began walking to the door of the building, the fall resulting in a compound fracture of the leg. The spot where she fell was estimated to be two to four feet from the building and about four feet from the cab.
The bakery shop was one of several stores in the block. The paved area between the street and the building was used primarily for parking. McKenzie’s customers parked there “all of the time”, “every day”, and McKenzie’s employees also parked there to deliver merchandise. However, “everyone parked there”, and there was no sign or other indication that the area was reserved for McKenzie’s customers.
Defendant’s lease described the leased property as “18' front on Harrison Avenue”. There was no other evidence as to the ownership of the property between the street and the building or as to who paved that area. The only evidence as to maintenance of the area was that plaintiff occasionally swept the concrete slab.
Plaintiff’s wages began when she reported for work, and the employer did not furnish transportation or pay the cost thereof.
Based on this evidence the trial court concluded the employer had assumed control of the area and utilized it for its own purposes, so that “this area became a part of the premises for compensation purposes”.
The requirement that an accident occur in the course of employment essentially involves a time and place inquiry in determining relationship to employment. Generally an employee who is going to or coming from work is not regarded as within the course of employment. However, once an employee who is going to work has reached the employer’s premises, he is generally deemed to be in the course of employment, even if he has not reached the exact section of the premises where he generally performs his duties. See generally Malone, Louisiana Workmen’s Compensation Law and Practice §§ 169, 171 (1951).
This accident did not occur on the paved street, which is regularly used by all members of the public (in which case it might be argued that only a miniscule percentage of the use was by McKenzie’s customers and employees and that McKenzie’s exercised no control whatsoever). This accident occurred in an area which was used principally for parking by McKenzie’s customers and employees.
The foregoing facts are sufficient to support a conclusion that over a period of time the area where plaintiff fell had become generally regarded as part of the entire area devoted by the employer to the business and was so identified with the business premises as to constitute a part thereof, *1335 irrespective of whether the employer owned or leased the particular area. See generally 1 Larson, Workmen’s Compensation § 15.41 (1973) and the cases cited therein. We accordingly affirm the trial court’s conclusion that plaintiff had reached the employer’s premises on her way to work and thus was in the course of her employment at the time of the accident.
The trial court properly denied penalties and attorney’s fee on the basis that a serious legal issue existed as to whether plaintiff’s injury occurred on her employer’s premises. Under the circumstances the denial of compensation was a reasonable exercise of defendants’ right to present a good faith defense.
The judgment is affirmed.[1]

AFFIRMED.

BEER, J., dissents and assigns reasons.

. Plaintiff’s answer to the appeal also asks that the amended judgment be clarified to award her compensation for total and permanent disability at the rate of $79.87 per week during the period of her disability, not to exceed the maximum statutory limit (and subject to defendants’ right to apply for a modification after six months), plus medical expenses and court costs. The original judgment and amended judgment, read together, clearly and properly grant this relief.